# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DERRICK DAIGLE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　Defendants. | 2:11-CV-401 JCM (LRL) |

## ORDER

Presently before the court is the government's motion to dismiss for failure to state a claim and lack of subject-matter jurisdiction. (Doc. #7). Plaintiff Derrick Daigle filed an opposition to the motion. (Doc. #9). Defendant filed a reply in support of its motion. (Doc. #10).

In the present motion (doc. #7), defendant asserts that plaintiff's claims for intentional infliction of emotional distress and negligent supervision should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. In addition, defendant asserts that plaintiff's claim for violation of civil rights by use of excessive force, 42 U.S.C. §1983 should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), based on lack of subject-matter jurisdiction.

**Background**

Plaintiff's complaint (doc. #1) stems from the alleged unreasonable physical force used by police officers of the Bureau of Reclamation. Plaintiff was riding motorcycles with a group of friends

**James C. Mahan**
**U.S. District Judge**

who stopped to take photographs together at the Hoover Dam. An officer of defendant United States, under authority of the Bureau of Reclamation, approached the group to inquire about the purpose of their photos. The officer indicated that a commercial permit was necessary to take photographs for professional use. The plaintiff and his friends informed the officers that the photographs were for personal use.

After repeated questions, the officer summoned more officers. Four to five police cars arrived. The group was detained for approximately thirty minutes in the desert sun. The plaintiff said aloud that the situation was "retarded," and began to stand. An officer grabbed the plaintiff by the shirt, lifted him off his feet, and threw him into a large boulder, dislocating his shoulder. The officer then handcuffed plaintiff's arms behind his back, and left him in the back of an uncooled patrol car for approximately two hours. After being released, the plaintiff could not ride home due to his shoulder injury and was forced to call a paramedic. The plaintiff fearing the re-appearance of the officers, dismissed the paramedics and received a ride from a friend.

**Discussion**

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper when a complaint fails to state a claim upon which relief can be granted. In order for a plaintiff to survive a 12(b)(6) motion, he must "provide the grounds for [] entitlement to relief [which] requires more than labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007). Under rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and must be more than "an unadorned, the defendant-unlawfully-harmed-me accusation." *See* Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal,* 129 S.Ct 1937, 173 L.Ed.2d 868 (2009), quoting *Twombly* at 555. In addition, under Federal Rule of Civil Procedure 12(b)(1), dismissal is proper based on lack of subject-matter jurisdiction.

**Count I: Violation of Civil Rights by Use of Excessive Force, 42 U.S.C § 1983**

The United States is immune from suit unless it has waived its sovereign immunity. *Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1258 (9th Cir. 2008). The FTCA is a limited waiver of sovereign immunity, but the Act is subject to some exceptions. *Bibeau v. Pac. Nw. Research Found.*,

1  Inc., 339 F.3d 942, 945 (9th Cir. 2003). If a claim falls within an exception to the FTCA, then the
2  claim must be dismissed for lack of subject matter jurisdiction. *Id.* In particular, the FTCA does not
3  apply to a civil action brought for a violation of the Constitution of the United States. *F.D.I.C. v.*
4  *Meyer*, 510 U.S. 471, 478, 114 S. Ct. 996, 1001, 127 L. Ed. 2d 308 (1994). Here, plaintiff's claim
5  asserts a violation of his civil rights under the Fourth Amendment of the Constitution. Thus, this
6  court lacks jurisdiction.

7  In addition, 42 U.S.C.§ 1983 applies to a cause of action against any person "acting under
8  color of State law." *Morse v. N. Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997).
9  Section 1983 does not apply to federal government actors. *Id.* Here, plaintiff's first cause of action
10  seeks relief against the federal government. Therefore, this court lacks jurisdiction.

11  Accordingly, motion to dismiss count I for lack of subject matter jurisdiction is granted.

12  **Count III: Intentional Infliction of Emotional Distress**

13  In Nevada, the plaintiff must prove the following elements for a valid claim of intentional
14  infliction of emotional distress: "(1) extreme and outrageous conduct with either the intention of, or
15  reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or
16  extreme emotional distress and (3) actual or proximate causation." *Star v. Rabello*, 625 P.2d 90, 91-
17  92 (Nev. 1981).

18  Extreme and outrageous conduct is behavior "outside all possible bounds of decency" and
19  is conduct regarded as "utterly intolerable in a civilized community." *Kahn v. Morse & Mowbray*,
20  117 P.3d 227, 238 (Nev. 2005). However, this element is not satisfied by alleging "occasional acts
21  that are definitely inconsiderate and unkind." *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev.
22  1998). In addition, "the standard of proof for emotional distress damages arising from assault and
23  battery is not as stringent as the standard of proof requirement for bare claims of intentional or
24  negligent infliction of emotional distress." *Olivero v. Lowe*, 995 P.2d 1023, 1026 (Nev. 2000)
25  Furthermore, whether the conduct in question constituted extreme outrage is a question for the jury.
26  *Posadas v. City of Reno*, 851 P.2d 438, 444 (Nev. 1993).

27  Here, plaintiff was taking photographs with friends on the Hoover Dam. Police officers of
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

the Bureau of Reclamation accused the men of being a subject in commercial photographs without a license. The officers detained the plaintiff for 30 minutes in the desert sun, dislocated the plaintiff's shoulder, and left the plaintiff in the back of an uncooled patrol car for two hours. A finder of fact could determine that these facts are outside all possible bounds of decency, and amount to extreme and outrageous conduct. *See Posadas*, 851 P.2d at 444. Furthermore, the standard for IIED is lower in this case because the claim is accompanied by physical assault. *See Olivero*, 995 P.2d at 1026. Therefore, plaintiff states a claim upon which relief can be granted. Motion denied as to claim III.

**Count V: Negligent Supervision**

The FTCA requires the courts to "determine the relationship to the United States of the actor whose negligence might be imputed to the government under state law." *Berkman v. United States,* 957 F.2d 108, 113 (4th Cir. 1992). Here, plaintiff has failed to identify in his complaint any particular employee whose actions would constitute negligent supervision. Therefore, plaintiff has failed to state a claim upon which relief can be granted under Rule 12(b)(6).

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that government's motion to dismiss (doc. #7) be, and the same hereby is, GRANTED IN PART and DENIED IN PART. The motion is granted as to counts one and five without prejudice, and denied as to count three.

DATED September 26, 2011.

_____
UNITED STATES DISTRICT JUDGE